NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 09 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| CLARA ANN KNIGHT, individually and as heir at law to Logan Loraine Knight, deceased; RACHEL WILSON, heir at law to Logan Loraine Knight, deceased; THE ESTATE OF LOGAN LORAINE KNIGHT, | ) ) ) ) ) ) ) ) | No. 18-15154 D.C. No. 3:17-cv-00125-HDM-VPC MEMORANDUM[*] |
| Plaintiffs-Appellees, | ) ) ) | |
| v. | ) ) | |
| LM GENERAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant-Appellant. | ) ) ) | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted April 16, 2019[**]
San Francisco, California

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: D.W. NELSON, FERNANDEZ, and BEA, Circuit Judges.

LM General Insurance Company (LM General) appeals the district court's judgment in favor of Clara Ann Knight, Rachel Wilson, and the Estate of Logan Loraine Knight (hereafter collectively "Knight"). We affirm.

In an action for declaratory relief, Knight sought a determination that a vehicle driven by Paul S. Williams was not excluded from coverage under the "regular use" provision of an automobile insurance policy issued by LM General in which Paul S. Williams and Brenda A. Cormier Williams were the named insureds.

LM General asserts that the exclusion of any vehicle, other than those listed as "covered vehicles," which is "furnished or available for [the insureds'] regular use" precludes coverage in this instance. We disagree. Under the law of the State of Nevada[1] the most that can be said in favor of LM General's position is that the regular use provision is ambiguous. It could mean that the policy excludes any use that is merely "constant, systematic . . . steady, methodical,"[2] or it could mean a use that is "uninterrupted normal use for all purposes; without limitation as to use;

_____

[1]This is a diversity case. *See* 28 U.S.C. § 1332(a). We, therefore, apply the law of the State of Nevada. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938).

[2]*Hartford Ins. Grp. v. Winkler*, 508 P.2d 8, 13 (Nev. 1973) (internal quotation marks omitted) (citing a dictionary).

and customary use as opposed to occasional use or special use."[3]  Of course, that does not help LM General's position because under Nevada law a reasonable insured[4] could expect coverage of an automobile whose use is severely limited to the needs of an employer and for no other purpose.  Certainly it cannot be said that LM General's "interpretation excluding coverage is the only reasonable interpretation of the exclusionary provision." *Century Sur. Co.*, 329 P.3d at 616. LM General does make a number of other arguments, all of which seek to avoid the fact that the Nevada Supreme Court has spoken, but it is to that speaking that we must defer.  *See Angel v. Bullington*, 330 U.S. 183, 191, 67 S. Ct. 657, 662, 91 L. Ed. 832 (1947); *see also Erie*, 304 U.S. at 78, 58 S. Ct. at 822.  As an ultimate fallback position, LM General asks that we certify the regular use question to the Nevada Supreme Court so that it can revisit its previous decision.  We decline to do so.  *See Churchill v. F/V Fjord (In re McLinn)*, 744 F.2d 677, 681 (9th Cir. 1984); *see also* Nev. R. App. P. 5(a).

AFFIRMED.

---

[3]*Id.* (internal quotation marks omitted).  We note that it may not be ambiguous at all because the latter definition can be seen as a definition that is more precise than the general dictionary definition.

[4]*See, e.g.*, *Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014); *Winkler*, 508 P.2d at 11.